**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
|     Sean Breslin, | : | |
|         Debtor. | : | Bankruptcy No. 15-14772-MDC |

# O R D E R

**AND NOW, WHEREAS**, upon consideration of the Supplemental Application for Compensation and Reimbursement of Expenses (the "Supplemental Application")[1] filed by the Erik B. Jensen (the "Applicant"), counsel to the Debtor, in which the Applicant requests the allowance of compensation in the amount of $4,200.00 and the reimbursement of expenses in the amount of $0.00.

**AND**, the Applicant having been paid $1,445.00 by the Debtor prior to the filing of the petition (the "Pre-Paid Amount").

**AND**, the Applicant having filed an initial Application for Compensation and Reimbursement of Expenses (the "Initial Application")[2] in which the Applicant requested the allowance of compensation in the amount of $3,000.00 and the reimbursement of expenses in the amount of $0.00.

**AND**, this Court, having granted the Initial Application.[3]

**AND**, upon the Applicant's certification that proper service of the Supplemental Application has been made on all interested parties.

**AND**, upon the Applicant's certification of no response.

**AND**, the Court of Appeals having held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the

---

[1] Bankr. Docket No. 63.

[2] Bankr. Docket No. 24.

[3] Bankr. Docket No. 36.

debtor's estate and to serve the public interest," *In re Busy Beaver Bldg. Centers, Inc*., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

**AND**, the Court of Appeals also having instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief."

**AND**, this Court finding that the Applicant's Disclosure of Compensation Pursuant to F.R.B.P. 2016(b) ("the 2016(b) Statement") states that the Applicant agreed to "render legal services for all aspects of the bankruptcy case" in exchange for a flat fee of $3,000.00.  See Rule 2016(b) Statement, Paragraph 5(a)-(c).

It is hereby **ORDERED** that the Supplemental Application is **DENIED**.

Dated: March 24, 2017

_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Erik B. Jensen, Esquire
1528 Walnut Street, Suite 1401
Philadelphia, PA 19102

William C. Miller, Esquire
Chapter 13 Trustee
1234 Market Street, Suite 1813
Philadelphia, PA 19107

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107